IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| MONSANTO COMPANY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO.   05-1004 T/An |
| KEM L. RALPH and RALPH BROTHERS FARMS, | ) ) ) ) | |
| Defendants/Judgment Debtor. | ) ) | |

## ORDER DENYING MOTION TO QUASH

Before the Court is Defendant Kem L. Ralph's ("Mr. Ralph") Motion to Quash Plaintiff's Deposition Notice of Kem Ralph filed on November 8, 2005. United States District Judge James D. Todd referred this matter to the United States Magistrate Judge for determination. For the reasons set forth below, the Motion is **DENIED**.

### BACKGROUND

The Plaintiff initially filed suit against Defendants in the United States District Court for the Eastern District of Missouri, Case No. 4:00CV00135RSW. The Plaintiff was successful and obtained a judgment against Defendants on July 9, 2003. On April 20, 2005, the Plaintiff initiated the current proceedings in the United States District Court of the Western District of Tennessee to execute the judgment.

In order to facilitate the execution of the judgment in the new proceeding, the Plaintiff served Mr. Ralph with a notice to take his deposition pursuant to Rules 30 and 69 of the Federal

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on 12/8/05



Rules of Civil Procedure. The Plaintiff claims that Mr. Ralph is experiencing a change in his economic situation and that a full understanding of his economic situation is required to properly execute the Plaintiff's judgment. Specifically, the Plaintiff alleges that Mr. Ralph is currently in the market to sell certain crops, the proceeds of which are subject to Plaintiff's judgment. Mr. Ralph has filed the present Motion to quash the Plaintiff's Rule 30 and Rule 69 deposition notice, noting that the Plaintiff has already deposed him three times, the latest on August 16, 2004, and claiming that Federal Rule of Civil Procedure 30(a)(2)(B) mandates that a party must obtain leave of court to take additional depositions under Rule 30 and Rule 69, something that the Plaintiff neglected to do before serving Mr. Ralph with the most recent notice to take deposition.

Plaintiff, on the other hand, points out in its Response that the prior depositions were taken during a separate proceeding before the United States District Court for the Eastern District of Missouri and that the information concerning the aforementioned crops was not disclosed in the prior Rule 69 deposition. In addition, the Plaintiff has also included a Motion for Leave of Court to take Mr. Ralph's deposition in the event that the Court concludes that the Plaintiff is required to request leave of Court to take Mr. Ralph's deposition pursuant to Rules 30 and 69.

## ANALYSIS

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). Relevancy, for purposes of Fed. R. Civ. P. 26(b)(1), means "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); *see also Coleman v. Am. Red Cross*,

23 F.3d 1091, 1097 (6th Cir. 1994). In this Circuit, the scope of discovery is extremely broad under the Federal Rules of Civil Procedure and "is . . . within the broad discretion of the trial court." *Lewis v. ACB Business Servs. Inc.*, 135 F.3d 389, 402 (6th Cir. 1998).

The Rules of Civil Procedure provide that "[o]n timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it . . . subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3). A person may be subjected to undue burden if they are required to attend more than one deposition. In addition, a party must obtain leave of court to conduct a deposition of a person that has "already been deposed in *the* case." Fed. R. Civ. P. 30(a)(2) (emphasis added).

Mr. Ralph argues that the Court should quash the Plaintiff's deposition notice because it did not seek leave of Court pursuant to Federal Rule of Civil Procedure 30(a)(2)(B) before serving him with the deposition notice. Rule 30(a)(2)(B), however, only applies to limit the depositions taken in one case. The Court can find no authority which implies that Rule 30(a)(2)(B) is applicable to a separate proceeding, even though the parties in the litigation are identical. As such, the Plaintiff did not have to obtain leave of court before serving Mr. Ralph with a deposition notice. Because Mr. Ralph's only basis for arguing that the Plaintiff's deposition notice should be quashed is that the Plaintiff did not seek leave of court, his Motion to Quash is **DENIED**. The Plaintiff shall have sixty (60) days from entry of this Order to conduct Mr. Ralph's deposition at a time convenient from counsel and both parties.

Pursuant to the Order of Reference, any objections to this Order shall be made in writing within ten days after service of this Order and shall set forth with particularity those portions of the Order objected to and the reasons for those objections.

**IT IS SO ORDERED.**

*S. Thomas Anderson* (signature)

S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Date: December 02, 2005

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 26 in case 1:05-MC-01004 was distributed by fax, mail, or direct printing on December 8, 2005 to the parties listed.

---

Harold H. Davis
HUSCH & EPPENBERGER
200 Jefferson Ave.
Ste. 1450
Memphis, TN 38103

Buffey Klein
HUSCH & EPPENBERGER
200 Jefferson Ave.
Ste. 1450
Memphis, TN 38103

Marc Louis Schatten
GLANKLER BROWN
One Commerce Sq.-17th floor
Ste. 1700
Memphis, TN 38103

Honorable James Todd
US DISTRICT COURT